**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT G. SWOFFORD, JR., SHARON L. SWOFFORD,**

        **Plaintiffs,**

**-vs-**                                                   **Case No. 6:08-cv-66-Orl-35DAB**

**DONALD ESLINGER, WILLIAM MORRIS, JR., RONALD REMUS, ,**

        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR PROTECTIVE ORDER REGARDING "STRIKE" (Doc. No. 56)
>
> **FILED:** January 5, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

According to Plaintiffs, they are entitled to perform unspecified tests and inspections upon a canine, pursuant to Rule 34, Federal Rules of Civil Procedure.

The Request to Produce, although referenced in the motion, has not been presented to the Court. From the briefs, however, it appears that Plaintiffs wish the canine to be produced at an animal hospital for an inspection to be conducted by "Dr. Olfat Mansour and/or his staff." Plaintiff refuses to disclose the specific tests that are to be performed nor the justification for the inspection, contending that it is "privileged work product and trial strategy." (Doc. No. 57 at 7). Plaintiffs

contend that the inspection is necessary and relevant as the canine is the alleged source of probable cause for entering Plaintiffs' property and Plaintiffs are entitled to discovery to "test those claims."

Rule 34 allows for "inspection" of "tangible things." Assuming that the canine is, in fact, included in the definition of "tangible thing,"[1] it is nonetheless a living thing, and there is nothing in the Rule that provides the right to unspecified *carte blanche* "testing" under the guise of inspection. The Rule provides that the request "must describe with reasonable particularity each item or category of items to be inspected" and must specify a reasonable "manner for the inspection and for performing the related acts." *See* Rule 34(b)(1)(A) and (B). Indeed, Rule 34(b)(2)(B) and (C) allow the responding party to state objections to the request. If, as Plaintiffs contend, a party need not detail the exact parameters of the inspection in the request, a right to object would be futile. The request does not comply with the Rule and Defendants' objection is sustained.[2]

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DEPOSITION TESTIMONY (Doc. No. 59)** |
| **FILED:** | **January 16, 2009** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. | |

As the parties have agreed to a limited re-deposition of the witness and defense counsel has agreed to pay Plaintiffs' counsel's reasonable fee for the follow-up deposition (Doc. No. 60), the Court need not wade into the waters of whether or not any work-product privilege protects a lawyer's

---

[1] The Court notes that people, too, are "tangible things," but inspection of a person would not be permitted under this Rule, but only if the requirements of Rule 35 were met; to wit, a showing of good cause for the inspection and a detailed showing of the manner, conditions and scope of the inspection, both of which are absent here.

[2] Additionally, there is no showing that the undefined inspection of a canine more than two years after the incident would meet the relevancy standard.

communication with an expert witness.³ The motion is **granted,** to the extent the witness may be re-deposed. The motion is **denied** to the extent counsel seeks travel expenses to re-depose the witness in person. If Plaintiffs' counsel does not wish to conduct this supplemental deposition (which is limited to the witness' communications with counsel issue) telephonically, he must pay for his own travel expenses. Costs of the court reporter are taxable, if at all, at the conclusion of the case.

> **MOTION:** **MOTION FOR LEAVE TO FILE REPLY (Doc. No. 62)**
>
> **FILED:** **January 20, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as unnecessary.

> **MOTION:** **AMENDED MOTION FOR LEAVE TO FILE REPLY (Doc. No. 63)**
>
> **FILED:** **January 20, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is again **DENIED** as unnecessary.

**DONE** and **ORDERED** in Orlando, Florida on January 21, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

³The Court commends Plaintiffs' counsel on excellent briefing, however.

-3-