# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT G. SWOFFORD, JR., SHARON L. SWOFFORD,**

        **Plaintiffs,**

**-vs-**                                    **Case No. 6:08-cv-66-Orl-35DAB**

**DONALD ESLINGER, WILLIAM MORRIS, JR., RONALD REMUS, ,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFFS' MOTION TO DEEM ADMITTED DEFENDANTS' ANSWERS TO CERTAIN OF PLAINTIFFS' REQUESTS FOR ADMISSION (Doc. No. 74)
>
> **FILED:** February 26, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

The motion and response, along with numerous exhibits, do not comply with Local Rule 3.04(a) and, as such, do not present the issues in a manner allowing ready consideration and

disposition by the Court. Plaintiffs' appendices are incomplete[1] and unnecessarily repetitive.[2] Moreover, the tone of the briefing is similarly unhelpful. Plaintiffs served four set of Requests for Admission on Defendants, with the total number of Requests exceeding several hundred.[3] Plaintiffs now seeks an Order deeming dozens of those Requests to be admitted, pursuant to Rule 36, Federal Rules of Civil Procedure, as the Responses are alleged to be "evasive, improper, non-responsive [or] untimely."

The Court has reviewed each disputed Request along with the Response and, for some of the Requests, the Amended Response, and finds the majority of the Responses (as supplemented) to be adequate. Moreover, even in those few instances where the Responses are inadequate, the Court does not find that the relief sought is appropriate. This is not a case where Defendants ignored the Requests or displayed a bad faith refusal to answer.[4] Rather, the Court finds that in most instances, the phrasing of the Request and the sheer number of disputed factual issues led to less than ideal responses. Contrary to the suggestion offered by Plaintiffs, the Court sees no prejudice here, as the Plaintiffs have undertaken extensive discovery, and thus, have had the opportunity to clarify any questionable responses. Thus, in those limited circumstances where the Court overrules Defendants'

---

[1] For example, the appendices do not include all of the supplemented answers found in Defendants Amended Responses to Plaintiff's First Requests for Admissions (Doc. No. 158-5).

[2] Many of the same Requests to Admit and responses are listed on two or more of the appendices, resulting in the Court having to review the same request and response numerous times. The Court assures counsel that it is capable of evaluating a request, response, and *all* argument directed to either in one review. The piecemeal approach was not helpful.

[3] Plaintiffs' use of Rule 36 as was done here does not seem consonant with the purpose and spirit of the Rule. Rather than seeking to clarify and narrow the issues, Plaintiffs have created an extended subsidiary litigation over issues more typically handled by direct presentation of evidence.

[4] The Court rejects Plaintiffs suggestion that Defendants supplementation of its prior responses is evidence of a bad faith refusal to correctly answer in the first instance. Under the Rules, a party is *required* to supplement responses to Request for Admissions, if he learns that the response is incomplete or incorrect in some material respect. *See* Rule 26(e), Fed. R. Civ. P. Absent a showing (not present here) of deliberate withholding of pertinent information in the first instance, the Court presumes no bad faith in a party supplementing his answer or response.

objections, the appropriate remedy is to allow Defendants to supplement the response (as provided in the Rule), not to deem the matter admitted. The motion is therefore **denied** to the extent it seeks to deem any matter admitted. It is **granted, in part and denied, in part** to the extent it can be interpreted as seeking to compel better answers.

The Court addresses the sets of Requests, in turn.

## *THE FIRST REQUESTS*

While certain of the Responses may have been originally inadequate, several have been supplemented and, as such, are acceptable. Specifically, the Court finds no merit in Plaintiffs' contentions with respect to the Supplemented Responses listed on Plaintiffs' Appendix C (Doc. No. 74-4), save for Request 278:

Admit that before and during the Shooting, the Property was dark.

**Amended Response:** Objection, vague. Notwithstanding the objection, it was admitted that it was nighttime.

The Court finds both the Request and the Response to be somewhat disingenuous. It is not in dispute that the incident at issue occurred after midnight, in the early morning hours (approximately between 2:30 and 3:00 a.m.) on April 20, 2006. The Court advises the parties that the jury will not need to be instructed that 2:30 a.m. falls within "nighttime" and that "nighttime" usually includes "darkness." Rather, the Court reads the Request as relating to the lighting conditions on the Property at the time of the shooting. While it is true that the word "dark" is a relative term (completely dark? darker than the surrounding area? partially lit or in shadow?), the Court finds the that the Request can be adequately responded to by either an admittance or by clarifying the lighting conditions, to the extent needed. The Request was reasonable, if inartfully drafted, but the Response bordered on

facetious. Defendants can do better than that and are **ORDERED** to do so, by tendering a supplemented answer regarding pertinent lighting conditions within 11 days of the date of this Order.

The Amended Responses to Requests 4, 6, 18, 29, 38, 41, 45, 46, 88, 93, 149, 150, 151, 167-172, and 180 are acceptable.

The remaining Requests and Responses to the First Request (set forth repetitively in Appendix A, B and D) are acceptable, with the following comments and exceptions:

- Requests 15, 16, 83 and 84 have been denied by Defendant, in Amended Response (Doc. No. 158-5) and Requests 68 and 69 have been denied by Defendants in their papers. While Plaintiffs may disagree with the basis of the denials, for present purposes, a denial is fully responsive to the Requests.

- In their papers, Defendants now admit Requests No. 40, 243 and 257; thus, the motion is moot, with respect to these Requests.

- Responses to Requests 78, 146 and 223, have been supplemented by Defendants in Amended Response (Doc. No. 158-5). As supplemented, the responses are acceptable.

Defendants' responses to the following Requests are inadequate: Requests 49, 50, 53, 147, 185, 264, 272, and 275. Defendants' objections with respect to these Requests are **overruled,** and Defendants shall tender a supplemented answer within 11 days of the date of this Order.

### *THE SECOND REQUESTS*

Plaintiffs contend that the Court should deem all the Requests in the Second Request for Admissions admitted because Defendant's responses were untimely. As a basis, Plaintiffs represent that the Second Requests were hand-delivered to Defendants on September 11, 2008, and Defendants responded on October 14, 2008. As pointed out by Defendants, however, the 30th day after service

of the requests, October 11, was a Saturday and the next Monday (October 13) was Columbus Day, a legal holiday. As such, the response, tendered the next business day, was timely. Nothing in the Case Management and Scheduling Order (Doc. No. 20), relied on by Plaintiffs, alters this conclusion[5].

On the merits, the Court finds no basis to grant the motion, with respect to the Second Set of Requests and Responses set forth in Appendices A and D. To the extent Plaintiffs' argument includes and incorporates their spoliation assertion currently pending by separate motion, this Court reserves that matter for the District Judge. The instant motion is **denied**, with respect to the Second Requests.

## *THE THIRD REQUESTS*

The subject Requests are contained in Appendices B and D. All of the disputed Requests from this set address the narrative entries of the Area Patrol Reports and ask Defendants to admit that certain identified narrative entries "relate[] to [a particular identified officer's] patrol of 400, 410 and 420 Forest Lake Drive." (*see* Requests 4-48). Defendants objected, citing "vagueness," but admitted the verbatim contents of the entries in the narrative report. With the exception of Request 46, which is a duplicate of Request 45, the Court **overrules** the objections. There is nothing vague about the Requests, which simply seek an admission that these entries relate to the officer's patrol of Plaintiffs' property. They either do or they don't. With the exception of Request 46, the motion is **granted,** with respect to the disputed Third Requests, to the extent that it seeks to compel a better answer.

---

[5]Interestingly, on the issue of timeliness, the Case Management and Scheduling Order *does* note that the Court may deny as untimely all motions to compel filed after the discovery deadline, which, in this case, was January 16, 2009. The instant motion is based on Rule 36, which provides, in pertinent part:

> (6) *Motion regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. . . .

Rule 36(a)(6), Fed. R. Civ. P. To the extent the instant motion is really just a discovery motion to compel better answers to the Requests, it is itself untimely.

-5-

Defendants are **ordered** to supplement their Responses accordingly, within 11 days of the date of this Order.

## *"FIFTH" REQUESTS*[6]

The objected-to Requests all involve Requests to admit categories of documents as either authentic documents or business records. Defendants objected to the lumping together of voluminous documents, but admitted what they could. *See* Appendices A (at pp. 13-14) and D (at pp. 13-14). The Court finds this to be sufficient. To the extent the authenticity or provenance of a *particular* document is truly at issue, it may be the subject of a Request for Admission, with each document separately stated, as set forth in the Rules. As a practical matter, counsel for the parties will engage in a document by document review in the process of preparing the Final Pretrial Stipulation and Exhibit Lists. In the Court's experience, counsel of the caliber involved here should be able to resolve any *true* disputes as to authenticity without having to resort to Requests to admit each and every single document in a case. The motion is **denied,** with respect to these Requests.

**DONE** and **ORDERED** in Orlando, Florida on April 7 , 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[6] Plaintiffs misnumbered the Fourth Set. The Court uses Plaintiffs' terminology for clarity.