# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT G. SWOFFORD, JR., SHARON L. SWOFFORD,**

    **Plaintiffs,**

**-vs-**                 Case No. 6:08-cv-66-Orl-35DAB

**DONALD ESLINGER, WILLIAM MORRIS, JR., RONALD REMUS,**

    **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR DISCOVERY SANCTIONS (Doc. No. 146)
>
> **FILED:** March 9, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Well after the conclusion of the discovery period and the occurrence of many of the actions (or inactions) complained of by Plaintiffs, Plaintiffs move under Rule 37, Federal Rules of Civil Procedure, to sanction Defendants for 1) producing discovery late, but before the expiration of the discovery deadline; 2) producing discovery after the discovery deadline "without permission"; and 3) for not producing at all certain items requested, namely electronic information from Defendant Remus' personal computers. The remedy for all of these "bad faith" violations is asserted to be 1) payment of reasonable attorney's fees to file the motion and conduct belated discovery, 2) instruction to the jury that it may consider Defendants' failure to timely produce documents in considering its

determination of liability, 3) re-deposition of certain key persons at Defendants' expense, 4) ruling that only Plaintiffs (and not Defendants) can use that discovery, and 5) any further sanctions that the Court deems appropriate. The Court finds the motion to be untimely and declines to impose sanctions.

**General Principles**

There is no question that the Court has authority to sanction parties, in an appropriate context, pursuant to Rule 37, Federal Rules of Civil Procedure. *See In re Seroquel Products Liability Litigation,* 244 F.R.D. 650, 656 (M.D. Fla. 2007). Rule 37(b) provides that at a court may grant sanctions against a party that "fails to obey an order to provide or permit discovery." Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with a court order, notwithstanding a lack of willfulness or bad faith, although such factors "are relevant ... to the sanction to be imposed for the failure." *Id.*, *citing* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2283, at 608 (2d ed.1994).

While the Court has broad discretion to fashion appropriate sanctions for the violation of discovery orders, that discretion is not unbridled. *See United States v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir. 1997) (reversing sanction of default for discovery abuse that had not been preceded by a court order or motion to compel). Further, the imposition of sanctions should be "no more drastic than those actually required to protect the rights of other parties . . ." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir.), *cert. denied*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970), *reh'g denied*, 400 U.S. 1025, 91 S.Ct. 580, 27 L.Ed.2d 638 (1971).

**Analysis**

The Court initially notes that, while Plaintiffs assert that documents were not produced, *none* of the alleged violations was brought to the Court's attention via a timely motion to compel,[1] nor did Plaintiffs file any motion, before or after the discovery deadline, to extend discovery or for leave to re-depose any deponent upon receiving any allegedly belated production. Rather, the focus of this motion is to seek punishment for a variety of developments and circumstances that took place in the extended course of discovery in this case. This emphasis seems to misapprehend the intended functioning of pretrial practice. The purpose of the discovery rules is to facilitate resolution of cases on their merits with what is supposed to be an efficient self-executing or self-policed exchange of relevant information. Creation of satellite litigations or opportunities for seeking sanctions is not a goal of the process.

As Plaintiffs did not move to compel under Rule 37(a), they obtained no court order compelling discovery. The provisions of Rule 37(b) are applicable to failures to comply with a court order. The Court finds, therefore, that this motion cannot be brought pursuant to Rule 37(b), but must be brought, if at all, pursuant to Rule 37(c), which reads as follows:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion . . . (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

---

[1] Pursuant to the Case Management and Scheduling Order, the Court may deny as untimely all motions to compel filed after the discovery deadline. (Doc. No. 23). To the extent this motion complains of failure to properly respond to a discovery request, it is really just a motion to compel discovery under Rule 37(a), and it is filed significantly out of time.

Rule 37(c), Fed. R. Civ. P.[2]

Rule 26(a) deals with the requirement of making initial disclosures. There is no allegation that Defendants failed to properly make initial disclosures. Rule 26(e) sets forth a party's duty to supplement disclosures and responses to discovery. It provides, in pertinent part, that a party who has responded to a request for production "must supplement or correct its . . . response (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Rule 26(c)(1)(A), Fed. R. Civ. P. Thus, the Court may sanction Defendants for violation of this provision, "unless the failure is substantially justified or is harmless." Rule 37(c).

### *Discovery Produced Late But Before the Discovery Deadline*

To the extent this discovery was belated, even if the late disclosure was due to inexcusable neglect,[3] the fact remains that the Plaintiffs received the discovery before the deadline, and failed to make a timely motion to either extend the discovery deadline or otherwise remedy any claimed prejudice resulting from the belated production.[4] To the extent these documents were as critical as Plaintiffs now conclusively claim (a finding the Court does not reach), Plaintiffs' decision not to bring the matter to the immediate attention of the Court is inexplicable and supports a conclusion that, if

---

[2] Rule 37(d) is another possibility, but that is directed toward among other things, a failure to serve a written response to a Request for Inspection under Rule 34. Here, there is no dispute that Defendants served a written response. It is the adequacy of the production and not the response that is at issue.

[3] The Court sees no basis to conclude bad faith, and again advises counsel that litigants are *required* to supplement their discovery responses, under the Rules. Such supplementation is *not* per se evidence of bad faith intent to sandbag the other side. Mere belated production, even seriously late production, does not automatically equal a showing of an intent to subvert discovery.

[4] In their response, defense counsel states that he offered to work with Plaintiffs' counsel to re-depose a Defendant, if necessary, due to the belated production. *See* Exhibits K and L, Doc. No. 174. Plaintiffs counsel apparently chose not to do so.

-4-

there was a violation of Rule 26, it was not significant. While the conduct of Defendants might have warranted an order of extension if a motion were promptly filed, this conduct would not have warranted the sanctions sought now. The passing of time does not change that result.

### *Discovery Produced After the Discovery Deadline*

Plaintiffs assert that Defendants have produced several items after the discovery deadline "without permission." To the extent the items were, as Defendants state in their response, supplemental responses, Defendants were under a duty to produce the items as soon as they became known to Defendants. If, as Defendants claim, the documents were not intentionally withheld and were produced as soon as practicable after their existence became known, they did not need "permission" to produce them.

To be sure, certain documents were produced after the deadline[5] and the Court might be inclined to fashion an appropriate sanction *if it found that the production was inappropriately delayed and that prejudice resulted.* The problem with Plaintiffs' motion is that, invective aside, there is no evidence that compels such a conclusion here. This fact distinguishes the instant scenario from that in the case relied upon by Plaintiffs – *Rabello v. Bell Helicopter Textron, Inc.,* 200 F.R.D. 484 (S.D. Fla. 2001) (Defendant produced thousands of pages of clearly relevant and material documents just a few weeks before the scheduled start of trial, failed to timely produce a crucial accident report, and produced a witness list out of time).

The Court notes that Plaintiffs undertook a massive discovery effort in this case, with hundreds of Requests to Admit, Requests to Produce, and Interrogatories served. Experts were retained, investigators were hired and numerous depositions were had. The Rule 30(b)(6) designation alone,

---

[5] Since the filing of the motion, the parties have made supplemental filings to the briefs. *See* Doc. Nos. 155 and 179. Although the Court granted Defendants' Motion to Supplement its Response (Doc. Nos. 180, 183), to date, no additional briefing has been filed by Defendants. In view of the conclusions reached herein, such additional briefing is not necessary.

according to the response filed by Defendants, had 79 areas of inquiry, and required 15 witnesses to respond. In addition to formal discovery, Plaintiffs also employed the use of public records requests. As quoted above, Defendants had the duty to timely supplement the production, when it learned that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. While Plaintiffs claim that certain documents were late in production, they do not identify any *specific* document that was material and otherwise unknown to them, and they cannot say that they were prevented from fully discovering all facts relevant to this case.[6]

### *Discovery Never Produced*

Plaintiffs did not file a timely motion to compel, which might have served to resolve this issue during the discovery period. Sanctions are not warranted. *See Steed v. EverHome Mortg. Co.,* 2009 WL 139507, *4 (11th Cir. 2009) (unpublished) (finding district court did not abuse discretion in declining to impose sanctions for raising boilerplate objections to discovery, holding: "Steed could have filed a motion to compel that would have enabled the district court to address the problems of which he complained. Instead, he waited and filed a motion for sanctions, contributing to the problem.")

A final note is in order. In declining to impose sanctions, the Court does *not* find that Defendants acted appropriately in all instances or with respect to each of the production requests. Indeed, the Court agrees with Plaintiffs that Defendants did not offer perfect compliance with each request. The Court holds only that, *for the purpose of imposing the sanctions sought here*, a showing

---

[6]A good example is the belated production of crime scene DVD and aerial photographs of the crime scene. According to defense counsel, Plaintiffs had an investigator present when the photographs were taken. The ultimate production of these documents did not yield any surprises or other new information. Similarly, it appears that the uniform photographs are merely Defendants' pictures of the identical uniform Plaintiffs previously photographed. While the additional images should have been timely produced, the failure to do so does not warrant the Draconian sanctions called for.

greater than mere imperfection is required. To the extent a particular document or set of documents was not timely produced, Plaintiffs must show that it was material and overcome Defendants' showing of justification or that no harm resulted from the failure to produce. The Court stands ready to remedy any prejudice shown to result from unjustified non-compliance with discovery obligations. Such a showing is not present on this record. The motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record