UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT G. SWOFFORD JR., and individual and his wife, SHARON R. SWOFFORD, an individual,**

    **Plaintiffs,**

v.                                              Case No.: 6:08-cv-00066-Orl-35DAB

**DONALD ESLINGER, in his official capacity as the Sheriff of Seminole County, Florida; WILLIAM MORRIS JR., in his individual capacity, and DONALD REMUS, in his individual capacity**

    **Defendants.**
_____/

**ORDER**

A final pretrial conference was held in this case on Friday, October 2, 2009, during which the Court heard the parties' oral argument on several pending motions in limine. Upon consideration of the parties' arguments on the motions and for the reasons set forth at the conference, it is hereby **ORDERED** as follows:

    **1.    Plaintiffs' Motion in Limine to Exclude or Limit the Testimony of Jeffrey Barrett (Doc. No. 75)**

Plaintiffs seek to exclude or limit the testimony of Jeffrey Barrett pursuant to <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), and Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs contend that Mr. Barrett should be precluded from testifying regarding his opinions which are not related to police dog "Strike's" training and

Defendant Morris's training to identify behaviors that show that Strike is tracking. At the Pretrial Conference, the Defendant stipulated that Mr. Barrett's testimony shall be limited to his knowledge of Strike's training and Defendant Morris's ability to identify Strike's behavior. Further, Mr. Barrett will be subject to voir dire and cross-examination at trial. Therefore, Plaintiffs' Motion in Limine to Exclude or Limit the Testimony of Jeffrey Barrett (Doc. No. 75) is **DENIED as moot**.

**2.     Plaintiffs' Motion in Limine to Exclude Testimony of David M. Grossi (Doc. No. 80)**

Plaintiffs move to exclude the testimony of David M. Grossi pursuant to <u>Daubert</u> and Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs seek to preclude Mr. Grossi's testimony related to his opinions that:

- Mr. Swofford's motor functions and mental alertness was affected by prescripton drugs at the time of the shooting;

- Mr. Swofford began to raise his firearm prior to being shot for an unknown reason;

- It is reasonable that Mr. Swofford would have started to ready his firearm in anticipation of the necessity to fire;

- The opposition's ballistics expert's opinion is flawed because it fails to consider when Deputy Morris perceived the threat;

- The light emitted from the police vehicle's overhead lights would have destroyed the usefulness of a police helicopter's FLIR (infra red search) Device; and

- The use of police helicopter(s) in locating a fleeing suspect(s) would unduly disturb the ground/air scent currents relied on by police dogs in locating hidden suspects.

At the Pretrial Conference, the Defendant stipulated that Mr. Grossi's testimony shall be limited to his opinion concerning the reasonableness of Defendants' response, resorting to deadly force, accepting *arguendo* Mr. Swofford's version of the events on April 20, 2006, as well as general police procedure. Mr. Grossi will not testify about the underlying truth of the Defendants' perception regarding the use of deadly force against Mr. Swofford or the impact medications may have had on Mr. Swofford's motor function. Further, Mr. Grossi will be subject to voir dire and cross-examination at trial. Therefore, Plaintiffs' Motion in Limine to Exclude Testimony of David M. Grossi (Doc. No. 80) is **DENIED as moot**.

### 3.     Plaintiffs' Motion in Limine to Exclude Testimony of Kris L. Sperry, M.D. (Doc. No. 85)

Plaintiffs seek to exclude the testimony of Dr. Kris L. Sperry pursuant to Daubert, Rule 26 of the Federal Rules of Civil Procedure, and Rule 403 of the Federal Rules of Evidence. Plaintiffs move to preclude Dr. Sperry's testimony related to his opinions that:

- Mr. Swofford held his firearm in a manner typical or consistent with the "ready position;" and

- Mr. Swofford was in the process of raising his firearm into a full shooting position at the time he received the first two wrist and abdomen shots.

At the Pretrial Conference, the Court ruled that Dr. Sperry shall be prepared to offer his testimony using words other than "fire position" and "ready position." Upon voir dire,

the Court will issue a final ruling on his use of those terms.  In addition to voir dire, Dr. Sperry will also be subject to cross-examination at trial.  Therefore, Plaintiffs' Motion in Limine to Exclude Testimony of Kris L. Sperry, M.D. (Doc. No. 85) is **DENIED as moot**.

### 4.     Plaintiffs' Motion in Limine to Exclude Testimony of Edward E. Hueske (Doc. No. 86)

Plaintiffs seek to limit the testimony of Edward E. Hueske on the basis of the Case Management and Scheduling Order (Doc. No. 20), Daubert, Rule 26 of the Federal Rules of Civil Procedure, and Rule 702 of the Federal Rules of Evidence.  Plaintiffs move to exclude Mr. Hueske's testimony regarding the following opinions:

- Once police officers have justification for the use of lethal force, police officers are trained to fire until there is no further perceived threat.  Over the 35 years that Mr. Hueske has been involved in the analysis and review of officer-involved shootings, most have taken place within a matter of seconds, consistent with that training concept.  Mr. Swofford's statement that he was struck by two shots, then heard the officers identify themselves and then the shooting resumed is contrary to the training and expertise of Mr. Hueske;

- The physical evidence is consistent with the general account of the officers as to their approximate relative positions to each other and to Mr. Swofford.  The physical evidence further supports the officers' description of Mr. Swofford as being in an upright position and with his weapon above his waste at the time the shots were fired; and

- The gunshot wounds to Mr. Swofford's wrist are consistent with shots fired at the source of threat.

During the Pretrial Conference, the Court ruled that Mr. Hueske will not be permitted to testify regarding Defendants' perception of the necessity of the use of deadly force against Mr. Swofford.  Defendants will be permitted to offer that testimony, and Mr.

Hueske's testimony would be cumulative and unreliable on that issue. The Court does not impose further limitation at this time. Therefore, Plaintiffs' Motion in Limine to Exclude Testimony of Edward E. Hueske (Doc. No. 86) is **GRANTED in part** and **DENIED in part**, subject to voir dire and cross-examination at trial.

**5. Plaintiffs' Motion in Limine to Exclude Testimony of Kenneth Wallentine (Doc. No. 101)**

Plaintiffs' Motion in Limine to Exclude Testimony of Kenneth Wallentine (Doc. No. 101) is **DENIED without prejudice**, subject to voir dire and cross-examination at trial.

**6. Defendants' Motion in Limine to Exclude or Limit Testimony of Steve Rothelein (Doc. No. 115)**

Defendants' Motion in Limine to Exclude or Limit Testimony of Steve Rothelein (Doc. No. 115) is **DENIED without prejudice**, subject to cross-examination and voir dire at trial.

**7. Plaintiffs' Motion to Exclude Roger L. Boyell and his Accompanying Work Product (Doc. No. 239) and Plaintiffs' Supplemental Motion (Doc. No. 256)**

Plaintiffs' Motion to Exclude Roger L. Boyell and his Accompanying Work Product (Doc. No. 239) and Supplemental Motion (Doc. No. 256) are **GRANTED.**

**8. Defendants' Motion in Limine to Exclude Experiments, Exhibits and Related Opinion Testimony of Lawrence Myers, PhD, DVM (Doc. No. 257)**

Defendants' Motion in Limine to Exclude Experiments, Exhibits and Related Opinion Testimony of Lawrence Myers, PhD, DVM (Doc. No. 257) is **DENIED without prejudice**, subject to voir dire and cross examination at trial.

9.      **Defendants' Motion in Limine Regarding Trial Exhibits (Doc. No. 267)**

Defendants seek to exclude policies and training guidelines from outside law enforcement agencies and post-incident emails and instant messages. Defendants' Motion in Limine  Regarding Trial Exhibits (Doc. No. 267) is **GRANTED** with respect to all requests, with the exception of that pertaining to the "Lotto killa" conversation Defendant Remus had with Officer Riggs. Additionally, the Order does not preclude Plaintiffs' experts' reliance upon or general reference to the policies and guidelines of agencies in support of their opinions or the cross examination of experts using the policies and procedures of other agencies as a basis. Thus, the Motion (Doc. No. 267) is **GRANTED in part** and **DENIED in part**.

**DONE** and **ORDERED** in Orlando, Florida, on this 8th day of October 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record